RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DE SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los Hons. MANUEL LEÓN PARRA, Presidente, y FRANCISCO PAZ GRANELA y JUAN M. HERRERO, COMISIONADOS ASOCIADOS, recurrida; y PETRA ORTIZ ACOSTA, peticionaria y apelante ante la Comisión Industrial.

Núm. 7.—*Sometido:* Abril 5, 1937. *Resuelto:* Abril 30, 1937.

*Hon. Procurador General B. Fernández García, Emilio de Aldrey, Subprocurador y Luis Negrón Fernández, abogado del Fondo del Estado, abogados del recurrente; M. León Parra, abogado de la Comisión recurrida; y M. Rivera de la Vega, abogado de la peticionaria y apelante en la Comisión Industrial.*

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Este era un recurso ante la Comisión Industrial de Puerto Rico que fué oído por ella el 19 de agosto de 1936. Llegó allí con motivo de una apelación interpuesta por Petra y Generosa Ortiz. Los hechos fueron resumidos por el Sr. Negrón, en su carácter de abogado del Administrador del Fondo del Estado, en la siguiente forma:

"Al obrero Donato Ortiz, mientras trabajaba bajo el patronazgo de la Bull Insular Line, el día 5 de noviembre de 1935, en San Juan, P. R. De primera intención el caso fué considerado compensable por el Fondo del Estado, pero no encontró o no consideró que existía a esa fecha, personas de las que contempla la ley actualmente en vigor, con derecho a recibir compensación. No existían dependientes.

"Posteriormente fué presentada una apelación a la Comisión Industrial por el compañero Rivera de la Vega, la cual fué declarada sin lugar, y remandado el caso, enviado el caso nuevamente al Fondo del Estado, porque se alegaba que existían beneficiarios en calidad de hijos naturales del obrero fenecido y los cuales no aparecían de la prueba existente en los autos del Fondo del Seguro del Estado. (Parecería entonces que la revisión hecha por la Comisión fué a base de un certificado expedido por el Administrador del Fondo del Estado de la prueba que él tuvo ante sí.)

"Con posterioridad a esa fecha fué nuevamente considerado el caso como uno en el cual no existía dependencia, a pesar de que se investigaron estos peticionarios. Ése es el caso y ahora nuevamente apelan y vienen a la Comisión Industrial en solicitud de que se les fije compensación como beneficiarios del obrero fallecido, Petra y Generosa Ortiz, como hijas de crianza del obrero fallecido.

"El Fondo del Estado hace sus alegaciones consistentes en que el caso, por sí, es compensable, pero que no existe la dependencia que requiere la ley para el otorgamiento de una compensación."

Entonces las recurrentes procedieron a presentar la transcripción de las declaraciones oídas por el Administrador del Fondo del Estado. El Administrador se opuso pero su objeción o no fué considerada o fué desestimada. El Administrador del Fondo del Estado, podría decirse, descansó en esta objeción, no presentó prueba ulterior ni solicitó ningún otro privilegio ante la Comisión.

La Comisión examinó el récord taquigráfico, aquilató la prueba en él contenida con excesivo cuidado y llegó a la conclusión de que las dos jóvenes eran sobrinas del trabajador fallecido y que éste las había llevado a su casa mientras eran de muy tierna edad, y las ayudaba prácticamente en todo. Que esto era tan así que uno o más de los testigos creyeron que las peticionarias eran hijas del finado. El fallo de la Comisión fué al efecto de que sólo Petra podía resultar beneficiada, toda vez que su hermana Generosa tenía demasiada edad para tener derecho a percibir beneficios bajo la ley.

La cuestión de derecho envuelta en este caso es exclusivamente si la Comisión tenía derecho a considerar el récord taquigráfico.

Ante la Comisión la objeción principal del Administrador del Fondo del Estado fué la siguiente:

"El Fondo del Estado sostiene que de acuerdo con las disposiciones de la ley, la prueba obrante en autos tiene carácter privado, excepto que puede ser examinada por las partes, o sea, los beneficiarios o sus abogados."

Podría inferirse además que el letrado del Fondo del Estado dijo que la idea del Administrador fué que los testigos mismos debían comparecer ante la Comisión.

El artículo 37 de la "Ley de Compensaciones por Accidentes del Trabajo", número 45 de 1935, página 251, provee:

"Los informes adquiridos en virtud de las disposiciones de esta Ley por la Comisión Industrial, por el Administrador del Fondo del

Estado o por un funcionario o empleado al cual se hubiere recomendado el cumplimiento de algún deber de acuerdo con esta Ley, serán considerados de carácter privado, cuando así lo resuelva la Comisión Industrial o el Administrador del Fondo del Estado, y cualquier funcionario o empleado que revelare dicho informe, excepto por mandato de autoridad competente, será culpable de delito menos grave y convicto que fuere, estará sujeto a una pena de multa no mayor de quinientos (500) dólares o cárcel no mayor de seis (6) meses.

"Nada de lo contenido en este artículo se entenderá que prohibe la inspección por la parte interesada o por su abogado de los informes y demás documentos relacionados con su caso."

Las peticionarias y la Comisión Industrial sostenían o resolvieron, según sea el caso, que la transcripción de la evidencia no constituía en manera alguna un documento privado. Inferimos de lo que se argumentó y de nuestras propias consideraciones que esta transcripción taquigráfica no es un documento privado hasta tal límite que pueda impedir a las partes o a la Comisión Industrial usarlo.

Las palabras literales del artículo parecen referirse más bien a información que pueda ser obtenida por el Administrador del Fondo del Estado en el curso de su investigación y que éstas no se refieren a la prueba realmente oída por él al determinar un caso que está ante su consideración.

Ante este Tribunal la sugestión es tanto que la prueba, para así decir, sería de referencia como que el Administrador del Fondo del Estado no tuvo oportunidad ante la Comisión de repreguntar a los testigos.

Conforme hemos dicho, cuando el caso estuvo ante la Comisión el Administrador no solicitó permiso para ofrecer otra prueba o para tener la oportunidad de repreguntar a los testigos. En general creemos que tal privilegio debe concederse a las partes.

La Comisión Industrial es el árbitro final de los derechos provenientes de accidentes del trabajo. Ante una corte, de no presentarse la oportuna objeción, cualquier materia probatoria puede ser admitida en evidencia. El Administrador

no hizo ninguna otra objeción específica que la de que las notas taquigráficas tenían carácter privado.

Nada hallamos en el contexto del estatuto que revele cuál es la naturaleza de la vista que se celebra ante la Comisión, si se trata de una apelación a modo de revisión, de un juicio *de novo* o de uno de naturaleza mixta.

Aun ante el riesgo de incurrir en repeticiones, podemos decir que convenimos con la Comisión en que las notas taquigráficas tomadas ante el Administrador del Fondo del Estado, pueden primordialmente ser usadas ante la Comisión; que cualquiera de las partes puede presentar evidencia adicional dentro de la sana discreción de la Comisión o que pueden llamarse testigos especiales para ser examinados ante ésta.

Nada hay en los autos que demuestre que el Administrador del Fondo del Estado tuviera en mente otra prueba que las declaraciones tomadas ante él y elevadas en la transcripción taquigráfica. Somos igualmente del criterio de que un examen hecho por el Administrador del Fondo del Estado tiene aspecto distinto a la prueba tomada en un juicio y que se trata de utilizar en otro juicio entre las mismas partes. Si no creyó las manifestaciones de los testigos que ante él comparecieron, el Administrador podría indicarlo así a la Comisión o llamar nuevamente a los testigos, e igualmente podría hacerlo la parte contraria.

Estas consideraciones son reforzadas en algo por un párrafo del artículo 6 que aparece a la página 283 (leyes de 1935) que lee así:

"La Comisión Industrial estará facultada para aprobar reglas para llevar a cabo aquellas disposiciones, facultades y deberes que le señale esta Ley, y para hacer que los procedimientos ante ella sean sencillos y sumarios; y tales reglas y reglamentos, después de aprobados por el Gobernador y de publicados y promulgados debidamente, tendrán fuerza de ley."

Es evidente que prima facie la transcripción de las notas taquigráficas tomadas ante el Administrador del Fondo del

Estado tiende a hacer que los procedimientos sean simples y rápidos.

*La resolución de la Comisión Industrial debe ser confirmada.*