RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, compuesta por los Sres. MANUEL LEÓN PARRA, Presidente, y F. PAZ GRANELA y JUAN M. HERRERO, Comisionados Asociados, recurrida; y SALVADOR QUIÑONES, patrono peticionario ante la Comisión.

Núm. 24.—*Sometido:* Diciembre 9, 1937. *Resuelto:* Marzo 11, 1938.

*Hon. Procurador General B. Fernández García, Emilio de Aldrey, Procurador General Auxiliar y Luis Negrón Fernández,* abogado éste del Fondo del Estado, abogados del recurrente;

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En 30 de abril de 1937, el Administrador del Fondo del Seguro del Estado expidió una póliza de conformidad con la Ley de Compensaciones por Accidentes del Trabajo, de 18 de abril de 1935 (Leyes de ese año, pág. 253), al patrono Salvador Quiñones. Según los términos de dicha póliza al asegurado se le fijó una prima de $11.15 por cada $100 pagados por concepto de salarios, o sea 11.15 por ciento. El trabajo a ser realizado por el Sr. Quiñones a través de sus empleados fué calificado de:

| CLAVE | CLASIFICACIÓN | TIPO |
|---|---|---|
| 6306—Alcantarillado\_\_\_\_ | Construcción de_____ Todas las operaciones incluyendo carreteras, *chauffeurs* y ayudantes. Excluyendo construcción de túneles, excepto en la intercepción de calles_____ | 11. 15 |

La naturaleza específica del trabajo se describe plenamente en el siguiente párrafo, tomado de la decisión emitida por la Comisión Industrial:

"El trabajo que iba a ejecutar por contrato el peticionario Sr. Salvador Quiñones, era tender en las calles de la población de Mayagüez, dentro de zanjas abiertas al efecto, tubería de barro vitrificado, en trozos de dos pies de largo cada uno para ser conectados

entre sí, con el objeto de que discurrieran por ella las aguas fecales de la mencionada población.''

De la actuación del Administrador del Fondo del Seguro del Estado, antes referida, el patrono apeló para la Comisión Industrial con el objeto de que se revisara el tipo o prima fijado por dicho Administrador. La comisión, con fecha 29 de septiembre de 1937, resolvió lo siguiente:

''. . . . que la clasificación bajo la cual debe comprenderse el seguro del trabajo que realizaba en Mayagüez el Sr. Salvador Quiñones, no debe ser comprendido bajo la clasificación 6306, o sea 'Construcción de Alcantarillado,' y sí bajo la clasificación 6319, o sea 'Conexiones de Tubería.' Se revoca en ese sentido la resolución del Administrador del Fondo del Seguro del Estado.''

Luego de declararse sin lugar una moción para reconsiderar, el Administrador del Fondo del Seguro del Estado radicó un recurso de revisión. En verdad la cuestión más importante de las levantadas es la que se refiere a la jurisdicción de la Comisión Industrial, y por ende su facultad para revisar la inclusión hecha por el Administrador de determinado trabajo dentro de cierta clasificación y alterar esa disposición en el sentido de incluir el trabajo dentro de una clasificación enteramente distinta. Se señalan otros errores de menor importancia que discutiremos oportunamente.

Nos hemos demorado algo en llegar a una decisión sobre este caso en parte porque el único alegato radicado lo ha sido en pro de la posición asumida por el Administrador del Fondo del Seguro del Estado. De los autos que tenemos a la vista no se desprende que la cuestión jurisdiccional fuera jamás suscitada ante la comisión.

■■ Los artículos 23 y 24 de la Ley de Compensaciones por Accidentes del Trabajo, supra, son los que principalmente tienen que ver con el problema legal que está ante nos. Los párrafos pertinentes de los mismos leen así:

''Artículo 23.—El Administrador del Fondo de Seguro del Estado, haciendo uso de los poderes y de la discreción que por la pre-

sente se le confieren, antes del primero de mayo de cada año deberá preparar una lista de clasificaciones de acuerdo con los oficios o industrias a los que se refiere esta Ley. También deberá fijar para cada clase de oficio o industria las primas más bajas posibles, incluyendo primas mínimas, que sean consistentes con la pretensión de establecer un fondo de seguro del estado solvente y de crear un sobrante razonable que cubra el período que empezando en la fecha de ponerse en vigor esta Ley, continúa hasta el primero de julio de 1936.

"El Administrador del Fondo de Seguro del Estado deberá revisar de la lista de clasificaciones que se dispone en el párrafo anterior, las que a su juicio deban revisarse, antes del primero de julio de 1936, y subsiguientemente, todos los años. Tal revisión se hará de acuerdo con los datos acumulados en la práctica de seguros habida desde que empezó a regir esta Ley y hasta el 31 de diciembre del año anterior, y de acuerdo con aquella otra experiencia incidental y con las estadísticas de que pueda disponerse en relación a los peligros y riesgos del seguro en la clasificación a revisar.

"..             .        .        .         .         .         .

"Artículo 24.—Las decisiones del Administrador fijando y regulando las primas para cada grupo de oficios o industrias y la clasificación de primas para regir cada grupo o industria en particular, o cualquier orden aumentando las primas a determinado patrono según se dispone en el artículo anterior, podrá ser revisado por la Comisión Industrial de Puerto Rico de la manera siguiente:

"1. El patrono perjudicado podrá radicar en la Comisión Industrial de Puerto Rico, en cualquier momento durante el año en el cual se hacen efectivas las decisiones del Administrador, una petición de revisión por dicha Comisión de las decisiones hechas por el Administrador con relación a los tipos o primas para uno o más oficios o industrias, dando los motivos por qué dichos tipos o primas debían enmendarse; y se requerirá que el Administrador comparezca y conteste dicha petición dentro del término de diez (10) días. La Comisión le dará preferencia al caso sobre los demás casos del calendario, y procederá a dictar su decisión final de acuerdo con las reglas que dicha Comisión haya promulgado.

"2. La revisión a que se hace referencia en el párrafo anterior no suspenderá en modo alguno el cobro de primas ni los efectos de ninguna otra disposición de esta Ley; ni tampoco expedirán las cortes autos de *injunction* prohibiendo el cobro de dichas primas o contribuciones mientras se esté revisando el caso.

"3. En caso que la Comisión resuelva en el sentido de rebajar la prima que el Administrador haya fijado para cualquier clase de oficio o industria, no se ordenará en ningún caso ni al Administrador del Fondo del Estado, ni al Tesorero de Puerto Rico que devuelvan el exceso que se haya pagado en primas o contribuciones sino que dicho exceso, calculado desde la fecha en que se radique la petición, se descontará de las primas o contribuciones que hayan de recau-darse en el futuro a los patronos que hayan radicado las peticiones.

"4. En el caso que se modifique una clasificación por orden o decreto de la Comisión, según se dispone en la presente, el Administrador calculará nuevos tipos, primas o contribuciones en la forma que determine la Comisión para aquellos patronos que tengan obreros o empleados comprendidos en la clasificación o clasificaciones objetadas; *Disponiéndose,* que dichos tipos, primas o contribuciones se calcularán desde la fecha en que se radicó la petición de revisión en la Comisión y sólo regirá hasta que termine el año económico a que pertenecía dicha clasificación o clasificaciones."

Si entendemos bien al peticionario, su contención fundamental es que la Comisión Industrial sólo puede revisar las decisiones o actuaciones del Administrador del Fondo del Seguro del Estado que han sido dictadas o emitidas de conformidad y a tenor de la delegación legislativa de poderes expresamente concedida al Administrador bajo el artículo 23, supra. El peticionario sostiene que dicho artículo impone el deber al Administrador del Fondo del Seguro del Estado de (*a*) preparar una lista de clasificaciones de acuerdo con los oficios o industrias, y (*b*) fijar para cada clase de oficio o industria las primas para el próximo año. Como resultado de las facultades antes concedidas, y de conformidad con las disposiciones del artículo 24, supra, la Comisión Industrial puede revisar, según el peticionario, las decisiones del Administrador (1) fijando y regulando las primas para cada grupo de oficios o industrias, (2) fijando y regulando la clasificación de primas para regir cada grupo o industria en particular, y (3) cualquier orden aumentando las primas a determinado patrono, mas no la clasificación.

En resumen, el Administrador del Fondo del Seguro dedica gran parte de su argumentación a excluir de las tres categorías anteriores de decisiones apelables la envuelta en el presente recurso. Su alegato contiene muchas distinciones e interpretaciones, aunque se inclina a admitir que la comisión puede ''modificar'' cualquier clasificación ya hecha por el Administrador. No obstante, niega la facultad de la comisión para determinar si cierto oficio o industria ha sido incluído erróneamente en determinada clasificación o para decir que pertenece a otro grupo. El peticionario insiste en que su actuación al catalogar bajo cierta clasificación el trabajo hecho por determinado patrono, es un acto puramente administrativo que no está sujeto a ser revisado por la Comisión Industrial.

Se citan casos en apoyo del principio de que los poderes de la comisión se derivan exclusivamente del estatuto. Creemos que en el caso que está ante nos la Comisión Industrial, bien expresamente o por necesaria inferencia, tenía facultad para revisar la certeza de la inclusión hecha por el Administrador del trabajo a realizarse dentro de la clasificación específica por él fijada. Parece ilógico y extraordinario sostener que una junta que tiene facultades tan generales como nuestra Comisión Industrial, y que se admite ha sido dotada de poderes para revisar las primas y modificar las clasificaciones, no tenga el poder de considerar una cuestión como la que está ante nos. Creemos que el principio expresado en 71 C. J. 921, sección 668 (G), citado por el recurrente mismo, es estrictamente aplicable, a saber:

''. . . . las facultades de la junta o comisión emanan exclusivamente del estatuto y ella es un Tribunal de autoridad limitada y posee tan sólo aquellos poderes y facultades que le son concedidos expresamente por la ley *o aquellos que surgen de ésta por necesaria inferencia, para poder cumplir o efectuar plenamente los poderes concedídosle* . . . .'' (Bastardillas nuestras.)

A nuestro juicio, el proceder del Administrador en el caso que está ante nos no fué meramente administrativo sino que envolvía la aplicación de las clasificaciones ya hechas y un estudio minucioso de la naturaleza del trabajo y de los riesgos que había que afrontar en el trabajo para el cual se solicitaba el seguro.

Tenemos la idea de que la facultad que se admite la Comisión tenía para regular las primas dentro de una clasificación, incluye el derecho a modificar la clasificación en el sentido de rebajar la prima.

En armonía con los principios ya enunciados, creemos que la Comisión tenía poder, y por ende jurisdicción, para considerar la petición de revisión que el patrono Salvador Quiñones elevó ante ella.

El segundo señalamiento alega que la Comisión Industrial no promulgó regla de procedimiento, dejando así de cumplir con aquella parte del artículo 24, supra, que lee:

". . . . La Comisión le dará preferencia al caso sobre los demás casos del calendario, y procederá a dictar su decisión final de acuerdo con las reglas que dicha Comisión haya promulgado."

No podemos ver cómo de conformidad con la disposición anterior la comisión estaba obligada a adoptar ciertas reglas especiales. Los términos de ese precepto no son imperativos y no es claro que la frase no se refiera al poder general otorgado a la comisión bajo el artículo 6 de la misma ley, para "aprobar reglas para llevar a cabo aquellas disposiciones, facultades y deberes que le señale esta Ley, y para hacer que los procedimientos ante ella sean sencillos y sumarios."

El siguiente error señalado ataca la suficiencia de las alegaciones del patrono ante la Comisión Industrial para determinar una causa de acción. Los autos que tenemos a la vista no contienen formalmente estas alegaciones. Hemos leído la petición, según la misma ha sido copiada en la opinión disidente del Comisionado Paz Granela, y estamos de un todo convencidos de su suficiencia, dado el hecho de que fué el

mismo patrono quien la redactó. Era en verdad suficiente para plantear la cuestión de si el trabajo debía ser clasificado bajo el "Núm. 7520—Acueductos" o bajo el "Núm. 6319—Tuberías" en vez de bajo el "Núm. 6306—Alcantarillado."

El señalamiento que sigue suscita la cuestión de que el peticionario dejó en absoluto de presentar prueba para sostener su caso ante la Comisión Industrial. Los autos igualmente dejan de demostrar este hecho negativo, de ser el mismo importante. Creemos que la contención del patrono no necesitaba prueba alguna que la sustanciara. La naturaleza de su trabajo fué admitida y la única cuestión a determinarse era si el mismo había sido debidamente clasificado.

En lo que se refiere al error manifiesto que el Administrador alega la comisión cometió al alterar la clasificación, no estamos de acuerdo. Nos inclinamos a sostener el fallo de la comisión, toda vez que el trabajo que el patrono tenía que efectuar en este caso caía más propiamente bajo el título de "Conexiones de Tubería" que bajo el de "Alcantarillado." Ciertamente, no estamos preparados para admitir que se cometiera ningún error manifiesto.

Los dos últimos señalamientos no requieren discusión alguna.

*Por tanto, debe confirmarse la resolución de la Comisión Industrial.*

Los Jueces Presidente Señor del Toro y Asociado Señor Córdova Dávila no intervinieron.