Ramón Montaner, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* La Comisión Industrial de Puerto Rico, compuesta por los Sres. Manuel León Parra, Presidente y F. Paz Granela y Juan M. Herrero, Comisionados Asociados, recurrida; y José Toro Christian et al., patronos peticionarios ante la Comisión Industrial.

Núm. 23.—*Sometido:* Febrero 21, 1938. *Resuelto:* Mayo 13, 1938.

*Hon. Procurador General B. Fernández García, Emilio de Aldrey, Procurador General Auxiliar, M. Rodríguez Ramos, Procurador General Auxiliar y L. Negrón Fernández,* abogado éste del Fondo del Seguro del Estado, abogados del recurrente; *Virgilio Brunet,* abogado de los patronos peticionarios ante la Comisión Industrial.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La cuestión fundamental envuelta en este recurso de revisión interpuesto por el Administrador del Fondo del Seguro del Estado contra la Comisión Industrial de Puerto Rico, es la de si la Comisión tiene o no facultades para dictar una medida provisional ordenando la rebaja de un tipo de seguro fijado por el Administrador mientras se sustancia y decide el recurso interpuesto ante ella en solicitud de tal rebaja.

Para el año 1937–38 el Administrador del Fondo del Seguro del Estado en el ejercicio de las facultades que la ley le confiere fijó un tipo de 5.85 por ciento a la clave 0030, trabajadores dedicados al cultivo de caña, tipo que representaba un aumento de un 47 por ciento sobre el fijado para el año anterior.

Varios patronos recurrieron para ante la Comisión Industrial de la resolución del Administrador y la Comisión con vista de la evidencia practicada ante ella durante los días 22, 23 y 24 de julio, 1937, y de los datos aportados por el propio Administrador, resolvió rebajar provisionalmente el dicho tipo fijado por el Administrador para el año 1937–38 al que estuvo en vigor durante el año 1936–37, hasta tanto se vieran los recursos en su fondo y se resolviera definitivamente la cuestión, resolviendo además que los recurrentes debían prestar una fianza por aquella cantidad que se considerare necesaria para cubrir la diferencia que pudiera resultar entre el tipo fijado provisionalmente y el que pudiera definitivamente fijar el Administrador por decreto de la Comisión.

Así las cosas, recurrió para ante la Comisión el patrono en este caso concreto que está sometido a nuestra revisión, presentándole una situación igual a la ya apreciada y resuelta por ella, y la comisión, sin esperar la contestación del Administrador, adoptó la misma medida provisional.

Si pudo o no hacerlo depende por completo a nuestro juicio de los términos en que está redactada la ley de su creación, que lo es la núm. 45 de 1935 (leyes de ese año, pág. 251).

Dice el artículo 24 de la misma, en lo pertinente, lo que sigue:

"Las decisiones del Administrador fijando y regulando las primas para cada grupo de oficios o industrias y la clasificación de primas para regir cada grupo o industria en particular, o cualquier orden aumentando las primas a determinado patrono según se dispone en el artículo anterior, podrán ser revisadas por la Comisión Industrial de Puerto Rico de la manera siguiente:

"1. El patrono perjudicado podrá radicar en la Comisión Industrial de Puerto Rico, en cualquier momento durante el año en el cual se hacen efectivas las decisiones del Administrador, una petición de revisión por dicha Comisión de las decisiones hechas por el Administrador con relación a los tipos o primas para uno o más oficios o industrias, dando los motivos por qué dichos tipos o primas debían enmendarse; y se requerirá que el Administrador comparezca y conteste dicha petición dentro del término de diez (10)

días. La Comisión le dará preferencia al caso sobre los demás casos del calendario, y procederá a dictar su decisión final de acuerdo con las reglas que dicha Comisión haya promulgado.

"2. La revisión a que se hace referencia en el párrafo anterior no suspenderá en modo alguno el cobro de primas ni los efectos de ninguna otra disposición de esta ley; ni tampoco expedirán las cortes autos de *injunction* prohibiendo el cobro de dichas primas o contribuciones mientras se esté revisando el caso. .

"3. En caso que la Comisión resuelva en el sentido de rebajar la prima que el Administrador haya fijado para cualquier clase de oficio o industria, no se ordenará en ningún caso ni al Administrador del Fondo del Estado, ni al Tesorero de Puerto Rico que devuelvan el exceso que se haya pagado en primas o contribuciones sino que dicho exceso, calculado desde la fecha en que se radique la petición, se descontará de las primas o contribuciones que hayan de recaudarse en el futuro a los patronos que hayan radicado las peticiones.

"4. En el caso que se modifique una clasificación por orden o decreto de la Comisión, según se dispone en la presente, el Administrador calculará nuevos tipos, primas o contribuciones en la forma que determine la Comisión para aquellos patronos que tengan obreros o empleados comprendidos en la clasificación o clasificaciones objetadas; *Disponiéndose,* que dichos tipos, primas o contribuciones se calcularán desde la fecha en que se radicó la petición de revisión en la Comisión y sólo regirá hasta que termine el año económico a que pertenecía dicha clasificación o clasificaciones.

"   .    .    .    .    .    .    .    .    .    .    ."

No hay la más leve duda, pues, de que la comisión al decidir el recurso tiene facultad para rebajar la prima fijada por el Administrador. Nada dice la ley con respecto a si tiene o no la de adoptar una medida previa, y en ausencia de cita alguna de jurisprudencia o precedente específicos en contrario, nos parece que aplicando el principio general de que en el todo se comprende la parte, tal facultad existe. Véanse los casos de *Montaner, Admor.,* v. *Comisión Industrial,* 51 D.P.R. 460 y *Montaner, Admor., v. Comisión Industrial,* 52 D.P.R. 826.

Si la comisión queda convencida en la vista preliminar de que hay una fuerte probabilidad de que la rebaja o alguna rebaja tendrán que ser acordadas, los fines de la justicia pare-

186 

cen exigir que actúe lo más pronto posible, y si lo hace como lo hizo en este caso fijando el tipo anterior para ser satisfecho y garantizando mediante fianza el pago de la rebaja, no vemos nada ilegal en su actuación.

Insiste el Administrador recurrente en que el procedimiento seguido por la comisión es contrario al núm. 2 del artículo 24 de la ley. No estamos conformes, aunque reconocemos que el argumento no carece de base.

La medida provisional de la comisión no suspendió el cobro de las primas. Podría sostenerse que si no lo suspendió en todo, lo suspendió en parte. Por eso dijimos que no carecía de base la posición del recurrente. Pero a nuestro juicio, no es la disposición legal invocada una barrera infranqueable. De acuerdo con su letra interpretada estrictamente no lo es, ni lo es tampoco interpretada de acuerdo con su espíritu. La comisión supervisa los actos del Administrador. Y si la comisión se convence en principio de lo justo de una reclamación que afecta a miles de personas en la Isla, no debe verse constreñida a dilatar la adopción de alguna medida reparadora, siempre que lo haga garantizando todos los intereses envueltos.

En cuanto a que en este caso concreto no se oyó prueba ni se aguardó la contestación del Administrador, tratándose de una situación necesariamente igual a la ya considerada y resuelta cumpliéndose con dichos requisitos, pues los tipos que fija el Administrador para cada clave son uniformes, no creemos que la comisión usara en tal forma de sus facultades que podamos concluir que abusara de ellas.

*Debe declararse no haber lugar a la revisión solicitada.*