Ramón Montaner, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* La Comisión Industrial de Puerto Rico, etc., recurrida, y Santos Jiménez, menor representado por su madre con patria potestad Andrea Gautier Félix, peticionario ante la Comisión.

Núm. 220.—*Sometido:* Marzo 31, 1941. *Resuelto:* Abril 4, 1941.

*Hon. Procurador General George A. Malcolm, E. de Aldrey, Procurador General Auxiliar* y *Víctor J. Vidal González,* abogado éste del Fondo del Seguro del Estado, abogados del recurrente; *Virgilio Brunet,* abogado del peticionario ante la Comisión.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Éste es un recurso de revisión interpuesto por el Administrador del Fondo del Seguro del Estado contra una resolución de la Comisión Industrial dictada en la apelación establecida ante ella por el menor beneficiario Santos Jiménez en el caso de la muerte del obrero Isidoro Jiménez.

Declarado compensable el caso del dicho obrero por resolución de la comisión confirmada por sentencia de esta corte de julio 18, 1940, 57 D.P.R. 330, volvió al administrador quien el 7 de agosto, 1940, designó beneficiario al indicado menor, fijándole una compensación de $1,975 pagadera a razón de cuarenta dólares mensuales con efecto retroactivo a la fecha de la muerte del obrero acaecida en marzo 25, 1939, debiendo verificarse los pagos hasta diciembre 17, 1940, en que el menor cumpliría diez y ocho años.

El seis de septiembre siguiente el beneficiario por su abogado apeló para ante la comisión manifestando que estaba conforme en que los plazos mensuales terminaran en la fecha fijada por el administrador pero no en que éste retuviera el balance de la compensación.

Al escrito proveyó la comisión así:

"Se trata de un beneficiario, el joven Santos Jiménez, que lo es del obrero muerto en accidente del trabajo, Isidoro Jiménez, su padre, cuyo beneficiario alcanzará la edad de 18 años allá en el mes de diciembre próximo. La compensación correspondiente por la muerte de su padre, asciende a la cantidad de $1,975, la que se viene pagando a dicho beneficiario por el Administrador del Fondo del Estado en cantidades mensuales de $40. Parece que este beneficiario solicitó del Sr. Administrador del Fondo del Estado, amparándose en lo dispuesto en el párrafo 4to. del apt. 5 del art. 3, de la Ley

de Compensaciones por Accidentes del Trabajo en vigor, que se le pagase de una vez el montante completo de la compensación, con el fin de hacer una inversión de resultado provechoso para él, oponiéndose a tal pretensión el Administrador e insistiendo en los pagos parciales. Es obvio que de continuarlos así, al llegar en el mes de diciembre próximo el beneficiario a la edad de 18 años, el Fondo del Seguro del Estado se beneficiará con el sobrante dejado de pagar a aquél de la compensación; y el obrero por conducto del abogado Sr. V. Brunet, apela de esta resolución para ante esta Comisión Industrial por su escrito de 6 del próximo pasado septiembre.

"La parte de la ley a que acabamos de hacer referencia lee como sigue:

" 'Art. 3.—       .       .       .       .       .       .       .

" 'La compensación concedida a los beneficiarios que resultaren con derecho a recibirla, se hará efectiva por pagos parciales mensuales, y en los casos en que el administrador así lo decida se pagará la compensación en total y de una sola vez, sujeto a la aprobación de la Comisión Industrial por el voto unánime de sus miembros, si de los hechos investigados por el administrador o la Comisión Industrial, se probare que no hay peligro alguno de efectuar este pago y que la inversión ha de resultar provechosa al beneficiario y a los fines que persigue esta ley. En tales casos el administrador y la Comisión Industrial harán constar en su resolución el resultado de los hechos investigados, y las razones que tuvo para conceder el pago total y de una sola vez.

" '       .       .       .       .       .       .       .

"¿Quiso decir el legislador que el Administrador del Fondo del Seguro del Estado es soberano absoluto para decidir la forma de verificar el pago de la compensación a los beneficiarios de un obrero muerto en accidente del trabajo, o su decisión ha de ser tomada con vista de que no haya peligro de efectuar el pago de una sola vez y que la inversión que se haga con el importe de la compensación que se paga en total ha de resultar provechosa al beneficiario? Dudamos de que el legislador hubiera querido conceder al Administrador del Fondo del Estado poder tan absoluto. . . .

"De todas maneras es una cuestión no resuelta hasta ahora . . . y consideramos necesario escuchar al Fondo del Estado y a dicho beneficiario antes de resolverla definitivamente. En consecuencia ordenamos la celebración de una vista oral y pública, a cuyo efecto se señala. . .''

Celebróse la vista ordenada. Tanto el administrador como el beneficiario tuvieron oportunidad de exponer sus razonamientos y los expusieron ampliamente. La comisión se reafirmó en su criterio y resolvió:

"Así pues, es nuestra conclusión, que de acuerdo con esta disposición de la ley antes transcrita, si el beneficiario hiciera una proposición de inversión de su compensación en total al Administrador del Fondo del Estado, o a la Comisión Industrial, y la investigación que realizare cualquiera de estas dos entidades probara que no hay peligro alguno de efectuar el pago en tal forma, y que la inversión ha de resultar provechosa al beneficiario y a los fines que persigue esta ley, el Administrador del Fondo del Estado está obligado a conceder el pago en total, y la Comisión Industrial a aprobarlo unánimemente. . . .

"En el caso de autos, el beneficiario, Santos Jiménez, propuso en tiempo al Sr. Administrador del Fondo del Estado invertir el total de la compensación que quedaba por pagar, en la compra de una casa; inversión ésta que prima facie parece beneficiosa para Jiménez, y de acuerdo con los fines de la ley. El Fondo del Estado o la Comisión Industrial en su caso, debió investigar esta inversión y si hubiera considerado que era beneficiosa para el peticionario, el Administrador del Fondo del Estado con la aprobación unánime de la Comisión Industrial, debió acceder a la pretensión del beneficiario. Y no importa que tal proposición del beneficiario le hubiera sido hecha dos meses o un mes antes de llegar a la edad de 18 años, puesto que su derecho a pretender tal inversión, estaba vigente hasta que llegare el día en que cesaba tal derecho; y por ende a reclamar su efectividad hasta el último momento, o sea, hasta llegar a la edad de diez y ocho años; según dice la ley.

"Por lo expuesto resolvemos, que el Sr. Administrador del Fondo del Estado, está obligado a pagar el total de la compensación que corresponda al beneficiario Santos Jiménez, para ser invertida por éste en la compra de la casa, que dice; si de la investigación que practique de los hechos el Sr. Administrador del Fondo del Estado o la Comisión Industrial, se probare que no hay peligro alguno de efectuar este pago y que la inversión propuesta ha de resultar provechosa al beneficiario Santos Jiménez, y a los fines que persigue la ley."

Pidió reconsideración el administrador y le fué negada. Acudió entonces ante este tribunal, señalando tres errores

como cometidos por la comisión al dar curso a una apelación no autorizada por la ley, al invadir la facultad discrecional del administrador y al vulnerar lo dispuesto en el art. 3, inciso 5, párrafo 5 de la ley núm. 45 de 1935 (Leyes de 1935 (1) pág 251).

Al argumentar sus señalamientos de error en su alegato no sigue el administrador el orden establecido por él mismo, si que dedica páginas y páginas a discutir la cuestión de si el derecho a la compensación es o no un derecho adquirido, con cita de un buen número de decisiones que no son en verdad aplicables a la exacta solución del problema aquí envuelto. Ceñiremos nuestro estudio a los justos límites del caso.

Veamos si la comisión tuvo facultad para tramitar y resolver la apelación que para ante ella se interpuso. La ley a interpretar se transcribe en la primera resolución de la comisión, artículo 3, inciso 5, párrafo 4 de la Ley núm. 45 de 1935, pág. 267. No hay duda que de acuerdo con ella es al administrador al que corresponde actuar en primer término, pero tampoco la hay de que de acuerdo con ella y con el sistema puesto en práctica por la ley en general la comisión puede y debe intervenir en el asunto cuando hubiese desacuerdo entre el obrero o sus beneficiarios y el administrador, existiendo además un reglamento por virtud del cual se concede al obrero o sus beneficiarios un término de treinta días para apelar a la comisión de cualquier resolución del administrador. Y es que dentro del sistema ambos organismos—el Fondo y la Comisión—se entrelazan y complementan a fin de asegurar la debida administración de la ley en beneficio de todas las personas y de todos los intereses envueltos. Véanse entre otros los casos de *Montaner* v. *Comisión Industrial*, 52 D.P.R. 924 y *Montaner* v. *Comisión Industrial*, 53 D.P.R. 183, 186.

Aquí el administrador actuó primero negándose a entregar al beneficiario en globo el balance de la compensación

fijada por él mismo y el beneficiario acudió a la comisión. Siguió, pues, la norma general establecida por la ley y su reglamento. No hubo error.

¿Invadió la comisión la facultad discrecional del administrador? No la invadió, a nuestro juicio. Actuó en el ejercicio de sus propias facultades.

El administrador, en agosto 7, 1940, fijó la indemnización como sabemos en $1,975 y dispuso además que se pagaran al menor beneficiario designado cuarenta dólares mensuales con efecto retroactivo a la fecha de la muerte del obrero ocurrida en marzo 25, 1939, debiendo las mensualidades terminar en diciembre 17, 1940, en que el menor beneficiario cumpliría diez y ocho años. Una simple operación aritmética demuestra que cuarenta pesos mensuales pagados desde marzo 1939 hasta diciembre 1940 no cubren la suma de $1,975.

Convenimos en que la mejor política a seguir en la mayoría de los casos es la del reparto de la compensación en pagos parciales cada mes y que cuarenta dólares mensuales fué una suma discretamente fijada. Pero no podemos convenir en que el remanente desaparezca para el beneficiario.

No es éste un caso usual. Lo corriente es que existan varios beneficiarios y entonces la compensación a repartir apenas les alcanza para satisfacer sus necesidades más perentorias, pero por el hecho de que exista un solo beneficiario no debe dejar de pagársele la indemnización que de acuerdo con los hechos y la ley le corresponda y le fuera fijada.

El Fondo sustituye en lo posible la protección que del obrero, de haber continuado vivo y trabajando, hubiera recibido el menor. Esa protección, siendo uno solo el protegido, también hubiera sido mayor que si hubieran sido varios, y no se comprendería que por el hecho de ser uno el que dependiera del obrero fuera éste a reducir la ayuda, calculándola a base de la que le hubiera correspondido de tener tres, cinco u ocho personas a quienes sostener. Dejemos al menor que tiene esa fortuna en medio de su desgracia, en este caso, que

reciba el beneficio que le corresponde por completo. Y eso fué lo resuelto por la comisión apreciando los hechos y la ley.

Además la comisión limitó su resolución al hecho básico del pago total del remanente, dejando al administrador que actuara en primera instancia en la investigación sobre la inversión segura del mismo.

Con respecto al argumento de que el beneficiario aceptó en toda su integridad la resolución del administrador de agosto 7, 1940, estando en su consecuencia impedido de impugnarla, bastará decir que hemos leído el escrito de que se trata y no tiene en nuestra opinión el alcance que se le atribuye. El beneficiario por su abogado comunicó al administrador que estaba conforme con su decisión "sólo en cuanto al montante de la compensación y en cuanto al montante de la pensión", y eso no quiere decir que renunciara al remanente. Su solicitud casi inmediata de que el remanente se invirtiera en la compra de una pequeña casa es congruente con la aceptación.

Tampoco creemos que se cometiera el tercero y último de los errores señalados. A nuestro juicio la resolución de la comisión no vulnera las disposiciones legales contenidas en el párrafo quinto, inciso quinto del artículo tres del estatuto, a saber:

"Al volver a casarse la viuda o viudo los pagos parciales concedídosle para su beneficio cesarán por completo; y cesarán igualmente al morir cualquiera otro de los beneficiarios a quien se estuviere haciendo tales pagos parciales y en casos de menores cesarán igualmente tales pagos al llegar éstos a la edad de 18 años, a menos que estuvieran incapacitados para el trabajo."

Como ya indicamos se trata en este caso de una pequeña indemnización pero que, relativamente, era crecida en cuanto a su distribución por tratarse de un solo beneficiario. Para satisfacerla se adoptó el mejor método, o sea el de pagos mensuales, pero actuando con prudencia esos pagos no se elevaron demasiado y la suma total de los mismos hasta la

época en que la ley ordena que cesen no .agotaba la compensación. Antes de esa época, se pidió que el remanente se invirtiera de acuerdo con la ley. Se negó el administrador. Se apeló a la comisión y ésta entendió que debía accederse. Con ello no vulneró la ley. La interpretó en su propio espíritu, asegurando · para el menor mediante el procedimiento adecuado a seguir por el administrador, todo el beneficio que la ley y los hechos le concedían.

*Debe declararse el recurso sin lugar y devolverse los autos, a fin de que el administrador cumpla lo resuelto por la comisión.*